UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JESUS DELEON-FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:14-376-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**** **** **** ****

Jesus Deleon-Flores is a federal inmate confined at CCA/EDEN Detention Center in Eden, Texas.  On September 19, 2014, Deleon-Flores filed a *pro se* complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, alleging medical negligence in the performance of knee replacement surgery. [R. 1]

Following service of process, on July 7, 2015, the United States moved to dismiss the complaint, or alternatively for summary judgment, arguing that the Court lacked subject matter jurisdiction over Deleon-Flores's FTCA claim because he failed to properly exhaust his administrative remedies and because the physicians who provided the medical care at issue are independent contractors, not federal employees; because Deleon-Flores chose to go forward with the surgery after being adequately advised of the risks; and because the plaintiff failed to support his claim that the medical care provided fell below the applicable standard of care with expert testimony.  [R. 24]

Under the Court's Local Rules, "[a] party opposing a motion must file a response memorandum within twenty-one (21) days of service of the motion."  LR 7.1(c).  Deleon-Flores's response was therefore due by July 28, 2015.  But on July 27, 2015, the Court upon its own motion extended the time for the plaintiff to respond, directing him to file his response to the motion within fourteen (14) days of the Order.  [R. 25]  Deleon-Flores was therefore required to respond on or before August 10, 2015.

Deleon-Flores failed to file a timely response.  Instead, three weeks later on September 1, 2015, plaintiff filed a motion requesting an additional thirty days to file a response.  [R. 26]  If the Court had granted that motion, the plaintiff's response would have been due on October 1, 2015.  However, even that date has long since come and gone without any response from the plaintiff.  All told, nearly ninety days have passed since the United States filed its dispositive motion, and Deleon-Flores has yet to file any substantive response to the motion.

Where the plaintiff has failed to comply with orders of the Court or to timely respond to a dispositive motion, Rule 41(b) of the Federal Rules of Civil Procedure confers on the Court the authority to dismiss the action for failure to prosecute the action or to comply with an order of the court.  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008).  Here,

2

Deleon-Flores has not filed any response to the United States'

motion for summary judgment in the three months after it was filed,

nor within the extended time period granted to him upon the Court's

own motion, nor even within the additional period sought by the

plaintiff himself.  The Court will therefore dismiss this action

without prejudice pursuant to Rule 41(b) for failure to prosecute

and for failure to comply with an Order of the Court.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The United States' Motion to Dismiss, or in the alternative, for Summary Judgment [R. 22] is **DENIED AS MOOT.**

3. Plaintiff's "Motion for Leave to Reply to Defendant's Answer" [R. 26] is **DENIED AS MOOT.**

4. The Court will enter an appropriate judgment.

5. This matter is **DISMISSED** and **STRICKEN** from the active docket of the Court.

This the 28th day of October, 2015.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge